UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES WASHINGTON, ) | |
|       Petitioner, ) | |
| ) | |
| vs. ) | No. 1:07-cv-381-SEB-WTL |
| ) | |
| COMMISSIONER OF THE INDIANA ) | |
|  DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
|       Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. James Washington ("Washington"), an inmate at the Pendleton Correctional Facility, seeks a writ of habeas corpus. The matter is before the court for its preliminary review of his habeas petition pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court* and consistent with the rule that "[f]ederal habeas relief is not available if the petitioner has not exhausted his state court remedies." *Simpson v. Battaglia,* 458 F.3d 585, 595 (7th Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)(A)).

2. A habeas petitioner such as Washington must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000).

3. Washington challenges his continued confinement pursuant to a sentence imposed on March 3, 2000, by an Indiana state court in Allen County, Indiana, which he contends has been fully served and which has thus expired. Such a claim can in fact be brought in the trial court through an action for post-conviction relief. *Mills v. State,* 840 N.E.2d 354, 357 (Ind.Ct.App. 2006) (noting that *Ind. Post-Conviction Rule* 1(1)(a)(5) provides that "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief.").

      4.      Washington does not claim that he has made such an effort or that it would be futile for him to do so. This procedure provides him a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

      5.      "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action, without prejudice, and allowing the petitioner to proceed with his claim in the Indiana courts, if he elects to do so. So shall it be, and judgment consistent with this Entry shall now issue. The petitioner's motion for injunctive relief is **denied as moot.**

      **IT IS SO ORDERED.**

Date: 03/28/2007

*(signature)*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana